**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHRISTOPHER MAHONE,

        Plaintiff,

v.                                                                                          Case No. 8:22-cv-440-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I.  Status**

Christopher Mahone ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of a knee replacement, a broken leg, high blood pressure, and lower back pain and tingling in his hands from an accident. Transcript of Administrative Proceedings (Doc. No. 8; "Tr." or "administrative transcript"), filed April 4, 2022, at 73, 84, 95, 105, 259.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed April 18, 2022; Reference Order (Doc. No. 14), entered April 19, 2022.

On March 6, 2020, Plaintiff protectively filed an application for DIB and SSI. Tr. at 238-39 (DIB), 240-46 (SSI).[2] In both applications, Plaintiff alleged a disability onset date of January 16, 2020. Tr. at 238 (DIB), 240 (SSI). The applications were denied initially, Tr. at 72-81, 82, 116, 118, 119-25 (DIB); Tr. at 83-92, 93, 126, 128, 129-35 (SSI), and upon reconsideration, Tr. at 94-102, 103, 153, 155, 156-61, 163-68 (DIB); Tr. at 104-12, 113, 137, 139, 140-52 (SSI).[3]

On December 22, 2020, an Administrative Law Judge ("ALJ") convened a hearing, but it was continued so that Plaintiff could secure representation. Tr. at 62-71. On May 7, 2021, the ALJ held a second hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] See Tr. at 33-61. During the hearing, Plaintiff was fifty-two (52) years old. Tr. at 38-39. On July 13, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 19-27.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (Appeals Council exhibit list and order), 233-34 (request for review). On December 20, 2021, the Appeals Council denied Plaintiff's request

---

[2] The DIB and SSI applications are dated March 9, 2020 and March 10, 2020, respectively. Tr. at 238 (DIB), 240 (SSI). The protective filing date for both the DIB and SSI applications is listed as March 6, 2020. Tr. at 72, 95 (DIB), 83, 105 (SSI).

[3] Some of the cited documents are duplicates.

[4] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 19, 35-36.

for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On February 23, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as issues: 1) "[w]hether the ALJ erred in failing to consider the effect of [the opinion of David Donohue, M.D., Plaintiff's treating physician,] on the [residual functional capacity ('RFC')]"; 2) [w]hether the ALJ erred in finding that [Plaintiff] was capable of standing/walking up to 4 hours a day and that a cane was not medically necessary"; and 3) "[w]hether the ALJ erred in consideration of the opinion of physical [t]herapist, Garrison Matthews, PT DPT." Plaintiff's Memorandum of Law (Doc. No. 15; "Pl.'s Mem."), filed June 3, 2022, at 2 (emphasis omitted); see id. at 3-5 (issue one), 5-12 (issue two), 12-15 (issue three). On September 1, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.") responding to Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 21-27. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 16, 2020, the alleged onset date." Tr. at 21 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

severe impairment: degenerative joint disease s/p right tibia fracture and open reduction and internal fixation (ORIF) and right lateral meniscus repair." Tr. at 21 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 22 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except he can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk 4 hours in an 8-hour workday and sit 6 hours in an 8-hour workday; he can push/pull limited to the weights given above, but not with the right lower extremity; he can occasionally climb ramps/stairs, balance, kneel, stoop, crouch, and crawl, but never climb ladders, ropes, or scaffolds; and he must avoid concentrated exposure to wetness, vibration, hazardous machinery, and unprotected heights.

Tr. at 22 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "was unable to perform any past relevant work" as a "stores laborer," a "general laborer," and a "construction worker II." Tr. at 25 (some emphasis, capitalization, and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 26-27. After considering Plaintiff's age ("51 years old . . . on the alleged disability onset date"), education ("at least

5

a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "inspector and hand packager," "marker," and "routing clerk." Tr. at 26 (some emphasis and capitalization omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from January 16, 2020, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court

to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in three respects: first, by rejecting Dr. Donohue's opinion at step three that Plaintiff met the requirements of old Listing 1.02 and then by not relying on the opinion at later steps in the inquiry; second, by finding Plaintiff does not need to use an assistive device and has the RFC to stand and/or walk up to four hours per day; and third, in analyzing the opinion of Mr. Matthews, a physical therapist. Pl.'s Mem. at 2, 3-5, 5-12, 12-15. These issues all relate to Plaintiff's right leg fracture, knee surgery, and corresponding issues; they are addressed together.

At step three, the burden rests on the claimant to prove the existence of a Listing-level impairment. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991). Mere diagnosis of a listed impairment is not sufficient. See, e.g., id.; see also Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002). "To meet a Listing, a claimant must have a diagnosis included in the Listings and must

7

provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson, 284 F.3d at 1224 (internal quotations and citations omitted). "To equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings." Id. (internal quotations and citations omitted).

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including

8

those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). [6]

"[S]ection 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must]

---

[6] Plaintiff filed his applications after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[7]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

With respect to allegations that an assistive device, such as a cane, is required, "there must be medical documentation establishing the need for a

---

[7] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7 (SSA 1996).

Here, as relevant, the ALJ first addressed Listing 1.02 and Dr. Donohue's checklist-style form opining on the ultimate matters that meeting Listing 1.02 would require. Tr. at 24; see Tr. at 463-64 (opinion). Plaintiff concedes, and the ALJ found, that Dr. Donohue's opinion concerned an old version of Listing 1.02. Pl.'s Mem. at 3-4; Tr. at 24. The version in effect at the time of the ALJ's Decision required, among other things, the "inability to ambulate effectively," 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02, which typically means the person cannot ambulate independent of "the use of a hand-held assistive device(s) that limits the functioning of both upper extremities," id. § 1.00B2b. The ALJ found that "[t]here was no medical documentation in the record supporting the use of a walker, bilateral canes, bilateral crutches, or wheeled/seated mobility device involving the use of both hands," so therefore Dr. Donohue's opinion on the Listing matter was "unpersuasive." Tr. at 24.

The ALJ's findings on this point are accurate and supported by substantial evidence. Plaintiff does not point to any evidence of him regularly using an assistive device that limits functioning of both upper extremities, nor

11

has the Court found any. Plaintiff argues the ALJ should have further addressed Dr. Donohue's opinion at later steps in the inquiry, but the opinion was about ultimate findings that would need to be made for a Listing-level impairment. It does not address function-by-function issues that Plaintiff has, so it would not be particularly useful at later stages. The ALJ did not err in evaluating this opinion.

Next, Plaintiff argues the ALJ erred in the RFC finding by allowing Plaintiff to walk and/or stand up to four hours per day and by not allowing for the use of an assistive device. Pl.'s Mem. at 5-12. But, the ALJ made detailed findings on the assistive device issue, even recognizing that Plaintiff appeared at a couple of visits with a cane. Tr. at 22. At the end of the day, the ALJ found that "[t]here was no medical documentation that the use of any assistive device was permanent," and "the cane is not documented as a medically necessary device." Tr. at 22. Especially in light of Plaintiff's appearing at multiple appointments without a cane and no medical evidence indicating that one is necessary, see generally Tr. at 327-478, the undersigned cannot say that the ALJ reversibly erred in assessing the RFC and in making the assistive device findings.

Finally, Plaintiff challenges the ALJ's analysis of the opinion of Mr. Matthews, a physical therapist who provided a Physical Residual Function Capacity Assessment that limited Plaintiff significantly more than the ALJ

12

found warranted. Pl.'s Mem. at 12-15; see Tr. at 538 (Mr. Matthews' opinion). The ALJ found the opinion to be "unpersuasive" in light of its lack of support in the physical therapy "treatment history or the overall record." Tr. at 23. The ALJ then discussed the physical therapy, orthopedic, and primary care notes, finding they showed improvements over time following the surgery and physical therapy. Tr. at 23. Having reviewed the entirety of the record, the undersigned finds the ALJ's reasons to be sufficient and supported by substantial evidence.

## V.  Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 29, 2023.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

13